IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**JANICE SUGGS, CHRIS AVERETTE, JOSHUA BURRUS, TRACI CALBERT, KENNETH CHAMPION, NICHOLAS CORNWELL, JACOBY CURRY, ALAN HODGE, PHILIP HULETT, NATHANIEL JACKSON, TYRONE JOHNSON, ADRIEL JOHNSON, MICHAEL JOHNSON, JAMES JONES, JASON LOFTIS, DARYL OWENS, BRENDA PAGE-DOVER, JAMIL PRIDE, DONALD RELIFORD, DARWIN ROBERSON, DEANGELO SMITH, TONY SMITH, JERRYL TODD, JOSEPH WALKER, RYAN WERTZ, SHERYL WHITE, CALVIN WILLIAMS, BART WISHOUN and SHAUN YOUNGER, Each Individually and on behalf of All Others Similarly Situated**    **PLAINTIFFS**

vs.   1:17-cv-275

**EXPRESS COURIER INTERNATIONAL, INC., and EMP LSO HOLDING CORPORATION**    **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Janice Suggs, Chris Averette, Joshua Burrus, Traci Calbert, Kenneth Champion, Nicholas Cornwell, Jacoby Curry, Alan Hodge, Philip Hulett, Nathaniel Jackson, Tyrone Johnson, Adriel Johnson, Michael Johnson, James Jones, Jason Loftis, Daryl Owens, Brenda Page-Dover, Jamil Pride, Donald Reliford, Darwin Roberson, Deangelo Smith, Tony Smith, Jerryl Todd, Joseph Walker, Ryan Wertz, Sheryl White, Calvin Williams, Bart Wishoun and Shaun Younger ("Plaintiffs"), each individually and on behalf of others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint–Collective

Action ("Complaint") against Defendants Express Courier International, Inc., and EMP LSO Holding Corporation (hereinafter collectively referred to as "Defendant" or simply "Express"), and in support thereof does hereby state and allege as follows:

## I.   PRELIMINARY STATEMENTS

1. Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees, as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiffs and all others similarly situated minimum and overtime wages as required by the FLSA.

## II.   JURISDICTION AND VENUE

2. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. Defendant conducts business within the State of Texas, providing courier/delivery services within the State of Texas, as well as outside of the State of Texas.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

5. A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiffs within the Austin Division of the Western District of Texas; therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff Janice Suggs is an individual and resident and domiciliary of the State of North Carolina.

7. Plaintiff Chris Averette is an individual and resident and domiciliary of the State of Georgia.

8. Plaintiff Joshua Burrus is an individual and resident and domiciliary of the State of Kentucky.

9. Plaintiff Traci Calbert is an individual and resident and domiciliary of the State of Tennessee.

10. Plaintiff Kenneth Champion is an individual and resident and domiciliary of the State of Tennessee.

11. Plaintiff Nicholas Cornwell is an individual and resident and domiciliary of the State of Kentucky.

12. Plaintiff Jacoby Curry is an individual and resident and domiciliary of the State of Mississippi.

13. Plaintiff Alan Hodge is an individual and resident and domiciliary of the State of Tennessee.

14. Plaintiff Philip Hulett is an individual and resident and domiciliary of the State of Florida.

15. Plaintiff Nathaniel Jackson is an individual and resident and domiciliary of the State of Tennessee.

16. Plaintiff Tyrone Johnson is an individual and resident and domiciliary of the State of Mississippi.

17. Plaintiff Adriel Johnson is an individual and resident and domiciliary of the State of Oklahoma.

18. Plaintiff Michael Johnson is an individual and resident and domiciliary of the State of Oklahoma.

19. Plaintiff James Jones is an individual and resident and domiciliary of the State of Kentucky.

20. Plaintiff Jason Loftis is an individual and resident and domiciliary of the State of Texas.

21. Plaintiff Daryl Owens is an individual and resident and domiciliary of the State of Tennessee.

22. Plaintiff Brenda Page-Dover is an individual and resident and domiciliary of the State of Tennessee.

23. Plaintiff Jamil Pride is an individual and resident and domiciliary of the State of Alabama.

24. Plaintiff Donald Reliford is an individual and resident and domiciliary of the State of Texas.

25. Plaintiff Darwin Roberson is an individual and resident and domiciliary of the State of Georgia.

26. Plaintiff Deangelo Smith is an individual and resident and domiciliary of the State of Texas.

27. Plaintiff Tony Smith is an individual and resident and domiciliary of the State of Alabama.

28. Plaintiff Jerryl Todd is an individual and resident and domiciliary of the State of Alabama.

29. Plaintiff Joseph Walker is an individual and resident and domiciliary of the State of Alabama.

30. Plaintiff Ryan Wertz is an individual and resident and domiciliary of the State of South Carolina.

31. Plaintiff Sheryl White is an individual and resident and domiciliary of the State of Texas.

32. Plaintiff Calvin Williams is an individual and resident and domiciliary of the State of Mississippi.

33. Plaintiff Bart Wishoun is an individual and resident and domiciliary of the State of Tennessee.

34. Plaintiff Shaun Younger is an individual and resident and domiciliary of the State of Alabama.

35. At all times relevant to this Complaint, each Plaintiff was employed by Defendant as a courier and misclassified as an independent contractor and non-exempt from the requirements of the FLSA.

36. Defendant Express Courier International, Inc., is a foreign, for-profit corporation, registered to conduct business within the State of Texas.

37. This Defendant has designated CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201, to accept service on its behalf.

38. Defendant EMP LSO Holding Corporation is a foreign, for-profit corporation, registered to conduct business within the State of Texas.

39. This Defendant has designated George Stephens at 6500 River Place Boulevard, Building II, Suite 105, Austin, Texas 78730, to accept service on its behalf.

40. Defendant provides on-demand and scheduled courier services.

41. Express operates 31 branch offices that offer same-day on-demand and scheduled delivery throughout the southeast United States.

42. Express maintains its 31 branch offices in Alabama, Arkansas, Florida, Kentucky, Louisiana, Mississippi, Missouri, Oklahoma, Tennessee and Texas.

43. Defendant's primary business purpose is to provide courier/delivery services, and Defendant employs couriers/delivery drivers to accomplish this goal.

44. Courier/delivery services are at least one integral part of Defendant's business.

45. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

46. Defendant has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce, including, but not limited to, medical supplies and bio-materials, office supplies, auto parts, manufactured goods, or office equipment for the benefit of Defendant.

## IV. FACTUAL ALLEGATIONS

45. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

46. To carry out Defendant's courier/delivery services, Defendant contracts with more than 1,000 "Drivers."

47. All Drivers performed the basic duties of transporting and delivering packages.

48. Defendant classifies all of its Drivers as "Owner-Operators."

49. Defendant treats all of its Drivers as "independent contractors" for purposes of the FLSA.

50. Prior to allowing any Driver to perform courier services for Defendant, Defendant requires each and every potential driver to enter into an agreement, which Defendant calls an "independent contractor agreement" or "owner-operator agreement."

51. No Drivers were involved in drafting the terms of Defendant's standard agreement.

52. To perform their jobs for Defendant, each and every Driver must be trained or oriented to their duties, Defendant's paperwork, processes and methods, customer requirements, and anything else they need to know to perform the work for Defendant.

53. Defendant expected each and every Driver to wear a photo identification badge.

54. All Drivers were hired to work for Defendant for an indefinite period of time.

55. All Drivers were expected to follow Defendant's dress code and guidelines.

56. Defendant leased warehouses in which Drivers picked-up parcels for delivery.

57. No Drivers shared in Defendant's profits.

58. No Drivers shared in Defendant's losses.

59. Defendant paid Drivers through a combination of piece rates, route rates, or delivery rates.

60. Drivers were not involved in getting new customers for Defendant.

61. Defendant entered into contracts with their customers, and no Drivers signed contracts with Defendant's customers.

62. Drivers did not submit competitive pricing bids for routes or deliveries.

63. Defendant determined the Drivers' pay scale for certain types of packages or delivery routes without input from or negotiation with Drivers.

64. Defendant set prices to its customers for certain types of packages or delivery routes without Driver input or negotiation.

65. Defendant determined where to locate Defendant's branches and offices without Driver input.

66. Defendant made decisions on advertising Defendant's business without Driver input.

67. Drivers did not advertise themselves.

68. Defendant made decisions on what new business to pursue or take without Driver input.

69. Drivers did not negotiate contracts or prices with Defendant's customers.

70. All Drivers had at least one manager or other superior individual who was in charge of them and the other Drivers at the branch, who made hiring and firing decisions, who arranged for training or orientation of new Drivers, and who communicated corporate policies, decisions, or directives. .

71. Defendant required Drivers to follow the directions of Defendant's field managers with respect to performing work.

72. Defendant's field managers had authority to fire Drivers for insubordination or failure to adhere to any other of Defendant's policies or procedures.

73. All Drivers were expected to follow Express's directives on whether to put a sign on the side of their vehicles or otherwise display Express's logo in or on their vehicles.

74. Defendant required all Drivers to follow Defendant's policies regarding how to track deliveries.

75. Defendant required all Drivers to obtain and maintain a certain level of insurance.

76. Defendant generally did not pay any Drivers any overtime premium for hours that they worked over forty hours per week.

77. In other words, if any Driver worked more than forty hours per week, Defendant's policy was not to pay that Driver an overtime premium of one and one half times the Driver's regular rate for the hours over forty.

78. Defendant had a general practice keeping no contemporaneous records of time that Drivers performed courier/delivery services on Defendant's behalf.

79. During the relevant time, each Plaintiff performed courier/delivery services and incidental duties on Defendant's behalf.

80. Drivers drove their own vehicles while performing courier/delivery services on Defendant's behalf.

81. After deducting for expenses related to the operation of Plaintiffs' vehicle in the course of performing job duties for Defendant, Plaintiffs' pay regularly fell below the minimum wages required by the FLSA.

82. Defendant knew or should have known that the job duties of Plaintiff required Plaintiff to work hours in excess of forty per week, yet Defendant failed and refused to compensate Plaintiff for his work as required by the FLSA.

83. At all times relevant hereto, Defendant was aware of the minimum wage and overtime requirements of the FLSA.

84. Defendant purposefully and knowingly classified Drivers as "independent contractors."

## V. REPRESENTATIVE ACTION ALLEGATIONS

85. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

86. Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    i. Minimum wages for the first forty (40) hours worked each week;

    ii. Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

    iii. Reimbursement for vehicle-related expenses sufficient to bring compensation to minimum wages and overtime premiums;

iv. Liquidated damages; and

v. Costs of this action, including attorney's fees.

87. The proposed class of opt-in Plaintiffs in this case is preliminarily defined as follows:

> **Each individual who (a) worked for Express Courier International, Inc. ("Express"), as a "driver," "courier," or "owner-operator" any time after March 30, 2014, (b) never subcontracted any of his or her work for Express or otherwise hired anyone to perform part or all of his or her work, (c) contracted directly with Express under Express's standard "Owner-Operator Agreement," and (d) has not joined in any other litigation against Express related to the claims made herein.**

88. The proposed FLSA class members are similarly situated in that they share these traits:

i. They performed the same or similar job duties;

ii. They were required to provide their own vehicles for use in performing their job duties for Defendant;

iii. They were subject to Defendant's common policy of classifying them as "independent contractors;"

iv. They were directly employed by Defendant and did not themselves employ any other drivers; and

v. They were subject to numerous other common policies and practices as described *supra*.

## VI. FIRST CAUSE OF ACTION
### (Individual Claims for FLSA Overtime Violations)

89. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

90. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

91. Defendant misclassified all Plaintiffs as independent contractors.

92. The costs that Plaintiffs incurred, including, but not limited to, use of their own vehicles, for the benefit of Defendant, caused Plaintiffs' free and clear pay to fall below minimum wages.

93. Defendant also unlawfully refrained from paying Plaintiffs an overtime premium for hours over forty per week.

94. Defendant's failure to pay each Plaintiff all minimum and overtime wages owed and to reimburse Plaintiff's work-related vehicle expenses was willful.

95. By reason of the unlawful acts alleged herein, Defendant is liable to each Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

### VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Violations of the FLSA)

96. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

97. Plaintiffs, on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

98. Defendant misclassified all Drivers as independent contractors.

99. The costs that Drivers incurred, including, but not limited to, use of their own vehicles, for the benefit of Defendant, caused Drivers' free and clear pay to fall below minimum wages.

100. Defendant also unlawfully refrained from paying Drivers an overtime premium for hours over forty per week.

101. Defendant's failure to pay Drivers all minimum and overtime wages owed and to reimburse Drivers' work-related vehicle expenses was willful.

102. By reason of the unlawful acts alleged herein, Defendant is liable to members of the Section 216 class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Janice Suggs, Chris Averette, Joshua Burrus, Traci Calbert, Kenneth Champion, Nicholas Cornwell, Jacoby Curry, Alan Hodge, Philip Hulett, Nathaniel Jackson, Tyrone Johnson, Adriel Johnson, Michael Johnson, James Jones, Jason Loftis, Daryl Owens, Brenda Page-Dover, Jamil Pride, Donald Reliford, Darwin Roberson, Deangelo Smith, Tony Smith, Jerryl Todd, Joseph Walker, Ryan Wertz, Sheryl White, Calvin Williams, Bart Wishoun and Shaun Younger, each individually and on behalf of others similarly situated, respectfully prays for declaratory relief and damages as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying members of the collective action class;

E. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

F. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and Putative Class Members during the applicable statutory period;

G. An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JANICE SUGGS, CHRIS AVERETTE, JOSHUA BURRUS, TRACI CAL-BERT, KENNETH CHAMPION, NICHOLAS CORNWELL, JACOBY CURRY, ALAN HODGE, PHILIP HULETT, NATHANIEL JACKSON, TYRONE JOHNSON, ADRIEL JOHNSON, MICHAEL JOHNSON, JAMES JONES, JASON LOFTIS, DARYL OWENS, BRENDA PAGE-DOVER, JAMIL PRIDE, DONALD RELIFORD, DARWIN ROBERSON, DEANGELO SMITH, TONY SMITH, JERRYL TODD, JOSEPH WALKER, RYAN WERTZ, SHERYL WHITE, CALVIN WILLIAMS, BART WISHOUN and SHAUN YOUNGER, Each Individually and on behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
    Josh Sanford
    Tex. Bar No. 24077858
    josh@sanfordlawfirm.com